MEMO ENDORSED

LAW OFFICE

FREEHILL HOGAN & MAHAR LLP

80 PINE STREET

NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*†
DANIEL J. FITZGERALD*△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2007

October 25, 2007

Our Ref: 195-07/PJG

**VIA FACSIMILE: 212-805-7906**

The Honorable Judge Denny Chin
Daniel Patrick Moynihan U. S. Courthouse
500 Pearl Street – Room 1020
New York, New York 10007

RE:   Stelios B. Maritime Limited v. Anhui Light Industrial
        Imp. & Exp. Co., Ltd. and Anhui Light Industries
        International Co. Ltd.
        07 CV 5331 (DC)

*[Handwritten endorsement:]* The Court will wait for a stipulation of settlement. If the parties do not submit one by 11/16/07, the parties shall appear for a conference that day at 11 a.m. SO ORDERED.

Dear Judge Chin:

We represent the Plaintiff and write further to our several recent telephone conversations with your law clerk Ms. Seo regarding the settlement and dismissal of this case.  *10/26/07*

By way of background, the claim involves a charter party dispute and an attachment under Rule B. The Defendants are represented by Blank Rome (Jack Greenbaum). As I have mentioned to your law clerk during our recent discussions, we have settled the case, and this settlement not only includes a resolution of the Rule B issues but the underlying claim on the merits as well. We are in the process of negotiating the settlement agreement, but as the clients are located in Greece and China, respectively, it has taken a little longer than we thought to finalize the document.

I know from my discussions with your chambers that the Court would prefer to enter a conditional Order of Dismissal now, and appreciate that this is often done in cargo cases pending payment of the settlement. In this situation, however, involving an attachment where the funds

PLEASE NOTE: The information contained in this fax is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

October 25, 2007
Page 2

are to remain frozen until the settlement is consummated, we are concerned that the entry of a dismissal prior to the finalization of the settlement could generate confusion on the part of the garnishees because they could potentially interpret the dismissal as some authority to release the funds.

For the Court's guidance, counsel is making every effort to conclude the settlement as quickly as possible. Indeed, the Defendant has a strong interest in seeing this done quickly because it will result in the release of the attached funds, and the Plaintiff, of course, is interested in receiving the settlement funds so it likewise has an incentive to move quickly. Dealing with overseas clients, however, does present an obstacle and this is why it has taken a bit longer.

Your clerk has been extremely patient with us and we appreciate her cooperation and the many courtesies she has extended to us while we have tried to finalize this. If we could impose upon the Court for just a few more days, however, we think we will have the settlement agreement finalized by next week and then, we would envision submitting a final dismissal order on the merits with prejudice which would not be subject to reopening, and which would otherwise provide both for dismissal and the requisite instructions to the garnishees regarding the release of the funds.

On this last point, many garnishee banks insist upon a specific order authorizing them to release funds once an attachment case is settled, and will not accept a simple dismissal as authority for them to do so. Therefore, if we wait a couple of extra days and can then submit to the Court a specific order which both addresses the dismissal of the case and provides direction to the garnishees regarding the release of the funds, it should kill two birds with one stone, so to speak, and avoid the need to return to the Court for reopening of the action so as to generate an order regarding disposition of the attached funds.

Once again, we appreciate the Court's cooperation, and again express our thanks to your law clerk for her patience with us throughout this effort.

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

Peter J. Gutowski

PJG:mjg

cc:    Jack A. Greenbaum, Esq.
       Blank Rome LLP
       Fax: (917) 332-3834

FREEHILL, HOGAN & MAHAR LLP